GREENBERG TRAURIG, LLP
Gregory A. Nylen (CA SBN 151129)
nyleng@gtlaw.com
18565 Jamboree Road, Suite 500
Irvine, California 92612
Telephone: (949) 732-6500

Molly R. Littman-Johnson (MN SBN 398449) (*Pro Hac Vice*)
Molly.Littman@gtlaw.com
Navin Ramalingam (MN SBN 402799) (*Pro Hac Vice*)
Navin.Ramalingam@gtlaw.com
90 South 7th Street, Suite 3500
Minneapolis, MN 55401
Telephone: (612) 259-9700

Attorneys for Plaintiff/Counter-Defendant
AMAN GROUP S.á.r.l.

HARDER STONEROCK LLP
Henry L. Self III (CA SBN 223153)
HSelf@HarderStonerock.com
6300 Wilshire Blvd., Suite 640
Los Angeles, California 90048
Telephone: (424) 203-1600
Facsimile: (424) 203-1601

Attorneys for Defendants/Counterclaimant
AMAN SPIRITS LLC and GERARDO MADRIGAL

**UNITED STATES DISTRICT COURT**

**CENTRAL DISTRICT OF CALIFORNIA**

| | |
|---|---|
| AMAN GROUP S.á.r.l., a Swiss corporation,<br><br>Plaintiff/Counter-Defendant,<br><br>v.<br><br>AMAN SPIRITS LLC, a California limited liability company, and GERARDO MADRIGAL, an individual,<br><br>Defendants/Counterclaimant. | CASE NO. 2:25-cv-09126 SRM (BFMx)<br><br>Hon. Serena R. Murillo<br><br>**STIPULATED PROTECTIVE ORDER**<br><br>**DISCOVERY MATTER**<br><br>Action Filed: September 24, 2025 |
| AND RELATED COUNTERCLAIMS. | |

## 1. GENERAL

1.1 Purposes and Limitations.

Discovery in this action is likely to involve production of confidential, proprietary, or private information for which special protection from public disclosure and from use for any purpose other than prosecuting this litigation may be warranted. Accordingly, the parties hereby stipulate to and petition the Court to enter the following Stipulated Protective Order. The parties acknowledge that this Order does not confer blanket protections on all disclosures or responses to discovery and that the protection it affords from public disclosure and use extends only to the limited information or items that are entitled to confidential treatment under the applicable legal principles. The parties further acknowledge, as set forth in Section 12.3 below, that this Stipulated Protective Order does not entitle them to file confidential information under seal; Civil Local Rule 79-5 sets forth the procedures that must be followed and the standards that will be applied when a party seeks permission from the Court to file material under seal.

The parties stipulate that they will not use confidential material, including that designated Highly Confidential-Attorneys Eyes Only, directly or indirectly, for any purpose outside of this action, including, without limitation, any business, competitive, product development, pricing, marketing, or other competitive decision-making purpose.

1.2 Good Cause Statement.

This action is likely to involve confidential settlement communications, business and financial records, distributor and customer information, inventory and sales records, and other valuable research, development, commercial, financial, proprietary, and competitively sensitive information for which special protection from public disclosure and from use for any purpose other than the prosecution or defense of this action is warranted. Such confidential and proprietary materials and information consists of, among other things, confidential business or financial information, information regarding confidential business practices, or other confidential research, development, or commercial information (including information implicating privacy rights of third parties), information

otherwise generally unavailable to the public, or which may be privileged or otherwise protected from disclosure under state or federal statutes, court rules, case decisions, or common law. Accordingly, to expedite the flow of information, to facilitate the prompt resolution of disputes over confidentiality of discovery materials, to adequately protect information the parties are entitled to keep confidential, to ensure that the parties are permitted reasonably necessary uses of such material in preparation for and in the conduct of trial, to address their handling at the end of the litigation, and serve the ends of justice, a protective order for such information is justified in this matter. It is the intent of the parties that information will not be designated as confidential for tactical reasons and that nothing be so designated without a good faith belief that it has been maintained in a confidential, non-public manner, and there is good cause why it should not be part of the public record of this case.

**2. DEFINITIONS**

1.1 Action: This pending federal lawsuit.

1.2 Prior Litigation: The action titled *Aman Group S.a.r.l. v. Aman Spirits LLC et al*, 2:21-cv-09902-SB-PLA (C.D. Cal.), which was resolved pursuant to the Settlement Agreement at issue in this litigation.

1.3 Party: Any party to this action, including all of the officers, directors, employees, consultants, retained experts, and counsel for either party.

1.4 Documents: All items or information, regardless of medium or manner generated, stored, or maintained, including but not limited to: written, recorded or graphic matter, whether in hard copy or electronic form; testimony or transcripts, whether in written or oral form; interrogatory answers, requests to admit and responses thereto served in this Action or the Prior Litigation; designs, technical data, or drawings; any portion of any court paper filed in this Action or the Prior Litigation that quotes or summarizes any of these items; or any tangible things.

1.5 Disclosures or Discovery Material: All Documents that are produced or generated by the parties in disclosures or in response to any request for production in this Action.

1.6 "CONFIDENTIAL" Information or Items: All Documents that contain confidential business or commercial, financial, proprietary, or technical information that is not publicly known, cannot be ascertained from an inspection of publicly available documents, or qualifies for protection under standards developed under California law. These items are to be marked "Confidential."

1.7 "HIGHLY CONFIDENTIAL – Attorneys' Eyes Only" Information or Items: Confidential business or commercial information, proprietary, or technical information that is not publicly known and cannot be ascertained from an inspection of publicly available documents, and whose disclosure to a Receiving Party or non-party would create a substantial risk of serious injury that could not be avoided by less restrictive means. These items are to be marked "Highly Confidential – Attorneys' Eyes Only."

1.8 Producing Party: A Party or non-party that produces Disclosures or Discovery Materials in this Action.

1.9 Receiving Party: A Party that receives Disclosures or Discovery Material from a Producing Party.

1.10 Designating Party: A Party or Non-Party that designates information or items that it produces in disclosures or in responses to discovery as "Confidential" or "Highly Confidential – Attorneys' Eyes Only."

1.11 Challenging Party: a Party or Non-Party that challenges the designation of information or items under this Order.

1.12 Protected Material: Any Disclosure or Discovery Material that is designated as "Confidential" or "Highly Confidential - Attorneys' Eyes Only."

1.13 Outside Counsel: Outside counsel and their support staff, including, but not limited to, paralegal assistants, secretaries, and clerical workers.

1.14 In-House Counsel: The following attorneys employed by a Party to this Action as identified below:

(a) For Aman Group, "In-House Counsel" includes Stewart Dearden and Victoria Pearson. If Stewart Dearden or Victoria Pearson ceases to be employed by Aman Group during this Action, Aman Group may designate replacement In-House Counsel by providing written notice to Defendants. Defendants shall have five (5) business days from receipt of the notice to object in writing. The parties shall promptly meet and confer regarding any objection, and the proposed replacement shall not receive material designated Highly Confidential – Attorneys' Eyes Only unless the objection is resolved by agreement or Court order.

(b) For Defendant Aman Spirits, no In-House Counsel is identified. If at any time Aman Spirits hires In-House Counsel with whom it seeks to share AEO material, Aman Spirits shall promptly provide Aman Group written notice of the designation of In-House Counsel. Aman Group shall have five (5) business days from receipt of the notice to object in writing. The parties shall promptly meet and confer regarding any objection, and the proposed replacement shall not receive material designated Highly Confidential – Attorneys' Eyes Only unless the objection is resolved by agreement or Court order.

1.15 Professional Vendors: Persons or entities providing litigation support services, (including, but not limited to, photocopying, videotaping, translating, preparing exhibits or demonstrations, organizing, storing, or retrieving data in any form or medium), and their employees and subcontractors.

1.16 Expert: a person with specialized knowledge or experience in a matter pertinent to the litigation who has been retained by a Party or its counsel to serve as an expert witness or as a consultant in this Action.

1.17 Non-Party: any natural person, partnership, corporation, association, or other legal entity not named as a Party to this Action.

**3. SCOPE**

The protections conferred by this Stipulation and Order cover not only Protected Material (as defined above), but also (1) any information copied or extracted from Protected Materials; (2) all copies, excerpts, summaries, or compilations of Protected Material; and (3) any testimony, conversations, or presentations by Parties or their Counsel that might reveal Protected Material.

Any use of Protected Material at trial shall be governed by the orders of the trial judge. This Order does not govern the use of Protected Material at trial.

**4. DURATION**

Once a case proceeds to trial, all of the court-filed information to be introduced that was previously designated as confidential or maintained pursuant to this Protective Order becomes public and will be presumptively available to all members of the public, including the press, unless compelling reasons supported by specific factual findings to proceed otherwise are made to the trial judge in advance of the trial. *See Kamakana v. City and Cty. of Honolulu*, 447 F.3d 1172, 1180-81 (9th Cir. 2006) (distinguishing "good cause" showing for sealing documents produced in discovery from "compelling reasons" standard when merits-related documents are part of court record). Accordingly, the terms of this Protective Order do not extend beyond the commencement of the trial, except as to Protected Material that was not introduced and entered into evidence publicly at trial.

**5. DESIGNATING PROTECTED MATERIAL**

5.1. Exercise of Restraint and Care in Designating Material for Protection: Each Party or Non-Party that designates information or items for protection under this Order must take care to limit any such designation to specific material that qualifies under the appropriate standards. A Designating Party must take care to designate for protection only those parts of material, documents, items, or oral or written communications that qualify,

so that other portions of the material, documents, items, or communications for which protection is not warranted are not swept unjustifiably within the ambit of this Order.

Mass, indiscriminate, or routinized designations are prohibited. Designations that are shown to be clearly unjustified or that have been made for an improper purpose (e.g., to unnecessarily encumber the case development process or to impose unnecessary expenses and burdens on other parties) may expose the Designating Party to sanctions.

If it comes to a Designating Party's attention that information or items that it designated for protection do not qualify for protection, that Designating Party must promptly notify all other Parties that it is withdrawing the inapplicable designation.

5.2. Manner and Timing of Designations: Except as otherwise provided in this Order (*see e.g.*, second paragraph of Section 5.2(a) below), or as otherwise stipulated or ordered, Disclosure or Discovery Material that qualifies for protection under this Order must be clearly so designated before the material is disclosed or produced.

Designation in conformity with this Order requires:

(a) for information in documentary form (e.g., paper or electronic documents, but excluding transcripts of depositions or other pretrial or trial proceedings), that the Producing Party conspicuously affix the legend "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL - ATTORNEYS' EYES ONLY" on each page that contains protected material. If only a portion(s) of the material on a page qualifies for protection, the Producing Party must clearly identify the protected portion(s).

(b) for testimony given in depositions that the Designating Party identify the Disclosure or Discovery Material on the record before the close of the deposition. When it is impractical to identify each portion of testimony separately entitled to protection, and when it appears that substantial portions of the testimony may qualify for protection, the Designating Party may have up to thirty (30) days from receipt of the deposition transcript to identify the specific portions of the testimony to be protected and to specify its level of designation. Only those portions of the testimony that are appropriately designated for

protection within the thirty days shall be covered by the provisions of this Stipulated Protective Order.

Transcript pages containing Protected Material shall be separately bound by the court reporter provided the reporter is given timely notice before transcribing the deposition, who must affix to the top of each such page the legend "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL - ATTORNEYS' EYES ONLY" as instructed by Designating Party. Alternatively, the Designating Party may notify the other Parties within such 30-day period of the pages to be deemed Protected Material.

(c) for testimony given in pretrial or trial proceedings that the Designating Party identify on the record, before the close of the hearing or other proceeding, the question or the line of questioning the answer to which discloses confidential information or could lead to the disclosure of confidential information and identify its appropriate level of designation. When it is impractical to identify separately each portion of testimony entitled to protection, and when it appears that substantial portions of the testimony may qualify for protection, the Party or non-party that sponsors, offers, or gives the testimony may invoke on the record before the deposition or proceeding is concluded a right to have up to ten (10) days from receipt of the deposition transcript to identify the specific portions of the testimony to be protected and to specify its level of designation. Only those portions of the testimony that are appropriately designated for protection within the ten days shall be covered by the provisions of this Stipulated Protective Order.

Transcript pages containing Protected Material shall be separately bound by the court reporter provided the reporter is given timely notice before transcribing the deposition, who must affix to the top of each such page the legend "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL - ATTORNEYS' EYES ONLY" as instructed by Designating Party. Alternatively, the Designating Party may notify the other Parties within such 10-day period of the pages to be deemed Protected Material.

(d) For non-documentary and all other tangible items the Designating Party shall affix in a prominent place on the exterior of the container(s) in which the information

or item is stored the appropriate designation. If only portions of the information or item warrant protection, the Designating Party, to the extent practicable, shall identify the protected portions and the appropriate designation.

5.3 Inadvertent Failure to Designate.

If timely corrected, an inadvertent failure to designate qualified information or items as "Confidential" or "Highly Confidential - Attorneys' Eyes Only" does not, standing alone, waive the Designating Party's right to secure protection under this Order for such material. If material is appropriately designated as "Confidential" or "Highly Confidential - Attorneys' Eyes Only" after the material was initially produced, the Receiving Party, on timely notification of the designation, must make reasonable efforts to assure that the material is treated in accordance with the provisions of this Order.

## 6. CHALLENGING CONFIDENTIALITY DESIGNATIONS

6.1 Timing of Challenges. Any Party or Non-Party may challenge a designation of confidentiality at any time that is consistent with the Court's Scheduling Order and Section 6.2 below.

6.2 Expedited Challenge Procedure.

(a) A Challenging Party that believes a confidentiality designation is improper or overbroad may serve a written challenge on the Designating Party identifying the specific material and the grounds for the challenge.

(b) Within seven (7) calendar days of receiving the written challenge, the Designating Party shall respond in writing, either (i) agreeing to withdraw or modify the designation, or (ii) stating the specific basis for maintaining the designation.

(c) If the Designating Party fails to respond within seven (7) calendar days, the challenged designation shall be deemed withdrawn.

(d) If the parties are unable to resolve the dispute within fourteen (14) calendar days of the initial written challenge, the Challenging Party may file a motion with the Court under Local Rule 37-2 on an expedited basis. The Court may consider the motion on

shortened time upon a showing of prejudice or undue delay resulting from the challenged designation.

(e) The Designating Party bears the burden of establishing that the designated material qualifies for protection under the standards set forth in this Order.

6.3 Burden. The burden of persuasion in any such challenge proceeding shall be on the Designating Party. Frivolous challenges, and those made for an improper purpose (e.g., to harass or impose unnecessary expenses and burdens on other parties) may expose the Challenging Party to sanctions. Unless the Designating Party has waived or withdrawn the confidentiality designation, all parties shall continue to afford the material in question the level of protection to which it is entitled under the Producing Party's designation until the Court rules on the challenge.

## 7. ACCESS TO AND USE OF PROTECTED MATERIAL

7.1 Basic Principles. A Receiving Party may use Protected Material that is disclosed or produced by another Party or by a Non-Party in connection with this Action only for prosecuting, defending, or attempting to settle this Action. Such Protected Material may be disclosed only to the categories of persons and under the conditions described in this Order. When the Action has been terminated, a Receiving Party must comply with the provisions of section 13 below (FINAL DISPOSITION).

7.2 "Confidential" or "Highly Confidential - Attorneys' Eyes Only" Information. "Confidential" or "Highly Confidential - Attorneys' Eyes Only" information and documents subject to this Order shall not be filed with the Court or included in whole or in part in pleadings, motions, briefs, etc., except through the procedures set forth in Local Rule 79-5 or by submitting a copy of the protective order and including under the case number of the title page of the item being filed the phrase "Filed Under Seal Pursuant To Protective Order."

7.3 Disclosure of "CONFIDENTIAL" Information or Items. Unless otherwise ordered by the Court or permitted in writing by the Designating Party, a Receiving Party may disclose any information or item designated "CONFIDENTIAL" only to:

(a) the Receiving Party's Outside Counsel, as well as employees of said Outside Counsel to whom it is reasonably necessary to disclose the information in this Action;

(b) In-House Counsel, as well as employees of said In-House Counsel to whom it is reasonably necessary to disclose the information in this Action;

(c) the officers, directors, and employees of either party to whom disclosure is reasonably necessary for this Action;

(d) Experts (as defined in this Order) of either party to whom disclosure is reasonably necessary for this Action and who have signed the "Acknowledgment and Agreement To Be Bound" (Exhibit A);

(e) the Court and its personnel;

(f) court reporters and their staff;

(g) Professional Vendors, professional jury or trial consultants, and mock jurors to whom to whom disclosure is reasonably necessary for this Action and who have signed the "Acknowledgment and Agreement to Be Bound" (Exhibit A);

(h) the author or recipient of a document containing the information or a custodian or other person who otherwise possessed or knew the information;

(i) non-party witnesses identified in any Party's initial or supplemental disclosures prior to disclosure of the Protected Material to whom disclosure is reasonably necessary for this Action, provided such witness signs the "Acknowledgment and Agreement to be Bound" (Exhibit A) before retaining any copies of Protected Material;

(j) during their deposition, a non-party witness and their attorneys to whom it is reasonably necessary to disclose Protected Material for this Action, may be shown such Protected Material without signing Exhibit A, but may not retain copies until the form is executed, unless otherwise agreed by the Designating Party or ordered by the Court; and

(k) any mediator or settlement officer, and their supporting personnel, mutually agreed upon by any of the parties engaged in settlement discussions.

7.4 Disclosure of "HIGHLY CONFIDENTIAL - ATTORNEYS' EYES ONLY" Information or Items. Unless otherwise ordered by the Court or permitted in writing by the Designating Party, use by a Receiving Party of any information and documents designated "HIGHLY CONFIDENTIAL -ATTORNEYS' EYES ONLY," including all information derived therefrom, shall be restricted solely to the following persons, who agree to be bound by the terms of this Order:

(a) the Receiving Party's Outside Counsel, as well as employees of said Outside Counsel to whom it is reasonably necessary to disclose the information in this Action;

(b) In-House Counsel;

(c) Experts (as defined in this Order) of either party to whom disclosure is reasonably necessary for this Action and who have signed the "Acknowledgment and Agreement To Be Bound" (Exhibit A);

(d) the Court and its personnel;

(e) court reporters and their staff;

(f) Professional Vendors, professional jury or trial consultants, and mock jurors to whom disclosure is reasonably necessary for this Action and who have signed the "Acknowledgment and Agreement to Be Bound" (Exhibit A);

(g) the author or recipient of a document containing the information or a custodian or other person who otherwise possessed or knew the information; and

(h) any mediator or settlement officer, and their supporting personnel, mutually agreed upon by any of the parties engaged in settlement discussions.

## 8. PROTECTED MATERIAL SUBPOENAED OR ORDERED PRODUCED IN OTHER LITIGATION

If a Receiving Party is served with a subpoena or an order issued in other litigation that would compel disclosure of any information or items designated in this action as "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL - ATTORNEYS' EYES ONLY" the Receiving Party must:

(a) so notify the Designating Party, in writing immediately and in no event more than three (3) days after receiving the subpoena or order. Such notification must include a copy of the subpoena or court order;

(b) immediately notify in writing the party who caused the subpoena or order to issue in the other litigation that some or all the material covered by the subpoena or order is subject to this Protective Order. Such notification shall include a copy of this Stipulated Protective Order; and

(c) cooperate with respect to all reasonable procedures sought to be pursued by the Designating Party who Protected Material may be affected.

If the Designating Party timely seeks a protective order, the Party served with the subpoena or court order shall not produce any information designated in this action as "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL – ATTORNEYS EYES ONLY" before a determination by the court from which the subpoena or order issued, unless the Party has obtained the Designating Party's permission. The Designating Party shall bear the burden and expense of seeking protection in that court of its confidential material and nothing in these provisions should be construed as authorizing or encouraging a Receiving Party in this Action to disobey a lawful directive from another court.

**9. <u>A NON-PARTY'S PROTECTED MATERIAL SOUGHT TO BE PRODUCED IN THIS LITIGATION</u>**

(a) The terms of this Order are applicable to information produced by a Non-Party in this Action and designated as "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL – ATTORNEYS EYES ONLY." Such information produced by Non-Parties in connection with this litigation is protected by the remedies and relief provided by this Order. Nothing in these provisions should be construed as prohibiting a Non-Party from seeking additional protections.

(b) In the event that a Party is required, by a valid discovery request, to produce a Non-Party's confidential information in its possession, and the Party is subject to an

agreement with the Non-Party not to produce the Non-Party's confidential information, then the Party shall:

(1) promptly notify in writing the Requesting Party and the Non-Party that some or all of the information requested is subject to a confidentiality agreement with a Non-Party;

(2) promptly provide the Non-Party with a copy of the Stipulated Protective Order in this Action, the relevant discovery request(s), and a reasonably specific description of the information requested; and

(3) make the information requested available for inspection by the Non-Party, if requested.

(c) If the Non-Party fails to seek a protective order from this Court within 14 days of receiving the notice and accompanying information, the Receiving Party may produce the Non-Party's confidential information responsive to the discovery request. If the Non-Party timely seeks a protective order, the Receiving Party shall not produce any information in its possession or control that is subject to the confidentiality agreement with the Non-Party before a determination by the Court. Absent a court order to the contrary, the Non-Party shall bear the burden and expense of seeking protection in this Court of its Protected Material.

**10. UNAUTHORIZED DISCLOSURE OF PROTECTED MATERIAL**

If a Receiving Party learns that, by inadvertence or otherwise, it has disclosed Protected Material to any person or in any circumstance not authorized under this Stipulated Protective Order, the Receiving Party must immediately (a) notify in writing the Designating Party of the unauthorized disclosures, (b) use its best efforts to retrieve all copies of the Protected Material, (c) inform the persons to whom unauthorized disclosures were made of all the terms of this Order, and (d) request such person or persons execute the "Acknowledgment and Agreement to Be Bound" that is attached hereto as Exhibit A.

**11. INADVERTENT PRODUCTION OF PRIVILEGED OR OTHERWISE PROTECTED MATERIAL**

If the Producing Party inadvertently discloses information, including electronic documents, that is privileged or otherwise immune from discovery (including, without limitation, information that is attorney-client privileged or work product), and the Producing Party discovers the inadvertent disclosure, the Producing Party shall promptly upon discovery of such disclosure so advise the Receiving Party in writing and request that the item or items of information be returned; alternatively, if the Receiving Party discovers the inadvertent disclosure, the Receiving Party shall promptly upon discovery of such disclosure so advise the Producing Party in writing and return the item or items. No Party to this action shall thereafter assert that such disclosure waived any privilege or immunity. It is further agreed that the Receiving Party shall return or destroy such privileged or immune documents, and all copies thereof, within ten (10) calendar days of receiving a written request for the return of such item or items of information. To the extent such information is otherwise discoverable, the Receiving Party having returned such documents may thereafter, without asserting waiver because of inadvertent production, seek production of any such documents in accordance with the Federal Rules of Civil Procedure.

**12. MISCELLANEOUS**

12.1 Right to Further Relief. Nothing in this Order abridges the right of any person to seek its modification by the Court in the future.

12.2 Right to Assert Other Objections. By stipulating to the entry of this Protective Order, no Party waives any right it otherwise would have to object to disclosing or producing any information or item on any ground not addressed in this Stipulated Protective Order. Similarly, no Party waives any right to object on any ground to use in evidence any of the material covered by this Protective Order.

12.3 Filing Protected Material. A Party that seeks to file under seal any Protected Material must comply with Civil Local Rule 79-5.

**13. <u>FINAL DISPOSITION</u>**

After the final disposition of this Action, within 60 days of a written request by the Designating Party, each Receiving Party must return all Protected Material to the Producing Party or destroy such material. As used in this subdivision, "all Protected Material" includes all copies, abstracts, compilations, summaries, and any other format reproducing or capturing any of the Protected Material. Whether the Protected Material is returned or destroyed, the Receiving Party must submit a written certification to the Producing Party (and, if not the same person or entity, to the Designating Party) by the 60 day deadline that (1) identifies (by category, where appropriate) all the Protected Material that was returned or destroyed, and (2) affirms that the Receiving Party has not retained any copies, abstracts, compilations, summaries or any other format reproducing or capturing any of the Protected Material.

Notwithstanding this provision, counsel are entitled to retain an archival copy of all pleadings, motion papers, trial, deposition, and hearing transcripts, legal memoranda, correspondence, deposition and trial exhibits, expert reports, attorney work product, and consultant and expert work product, even if such materials contain Protected Material. Any such archival copies that contain or constitute Protected Material remain subject to this Protective Order as set forth in Section 4 (DURATION).

**14. <u>VIOLATION OF ORDER</u>**

Any violation of this Order may be punished by any and all appropriate measures including, without limitation, contempt proceedings and/or monetary sanctions.

**IT IS SO STIPULATED, THROUGH COUNSEL OF RECORD.**

DATED: July 29, 2026

GREENBERG TRAURIG, LLP

By ______________________________

Gregory A. Nylen
Attorneys for Plaintiff/Counter-Defendant
AMAN GROUP S.á.r.l.

HARDER STONEROCK LLP

By /s/ Henry L. Self III

Henry L. Self III
Attorneys for Defendants/Counterclaimant
AMAN SPIRITS LLC and GERARDO MADRIGAL

**FILER'S ATTESTATION**

Pursuant to Central District of California Local Rule 5-4.3.4(a)(2)(i), I hereby attest that all signatories listed and on whose behalf this filing is submitted concur in the filing's content and have authorized this filing.

DATED: July 29, 2026

GREENBERG TRAURIG, LLP

By ______________________________

Gregory A. Nylen
Attorneys for Plaintiff/Counter-Defendant
AMAN GROUP S.á.r.l.

**ORDER**

Having considered the papers, and finding that good cause exists, the Parties' Stipulated Protective Order is **GRANTED**.

**IT IS SO ORDERED.**

Dated: JULY 30, 2026

Hon. Brianna Fuller Mircheff
United States Magistrate Judge

**EXHIBIT A**

ACKNOWLEDGEMENT AND NONDISCLOSURE AGREEMENT

I do solemnly swear or affirm that I have been provided with and have read the Stipulated Protective Order regarding confidentiality in the Action. I expressly agree that I will not disclose any information received by me pursuant to the Stipulated Protective Order and I agree to be bound by its terms as ordered by the Court. I will not use the material designated Highly Confidential – Attorneys Eyes Only, directly or indirectly, for any purpose outside of this action, including, without limitation, any business, competitive, product development, pricing, marketing, or other competitive decision-making purpose. I understand that if I violate the terms of the Protective Order, I may be subject to an enforcement proceeding before the Court, and I will comply with and be bound by the terms and conditions of said Order unless and until modified by further order of the Court. I hereby consent to the jurisdiction of the United States District Court for the Central District of California for purposes of entering this Order.

Date:______________________ Printed Name:____________________

Signature:________________________